# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-28842 |
| COMMERCIAL RESOURCES | ) | |
| CONSTRUCTION COMPANY, INC. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | **Date: October 9, 2012** |
| | ) | **Time: 9:30 a.m.** |

### NOTICE OF TRUSTEE'S (A) APPLICATION TO EMPLOY PENSION PERFORMANCE, INC., AS RETIREMENT PLAN ADMINISTRATOR RETROACTIVE TO SEPTEMBER 17, 2012; (B) FIRST AND FINAL APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION TO PENSION PERFORMANCE, INC.; AND (C) MOTION TO SHORTEN AND LIMIT NOTICE

PLEASE TAKE NOTICE that on Tuesday, October 9, 2012 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox, or any judge sitting in her stead, in Courtroom 680, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Trustee's (A) Application to Employ Pension Performance, Inc., as Retirement Plan Administrator Retroactive to September 17, 2012**; **(B) First and Final Application for Allowance of Administrative Claim for Compensation to Pension Performance, Inc.; and (C) Motion to Shorten and Limit Notice**, at which time and place you may appear as you see fit.

Dated: October 3, 2012

**N. NEVILLE REID, as Chapter 7 Trustee for the Bankruptcy Estate of Commercial Resources Construction Company, Inc.**

By:   */s/ Elizabeth Peterson*
      Fox, Swibel, Levin & Carroll, LLP,
      General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Elizabeth Peterson (ARDC #6294546)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

1

## CERTIFICATE OF SERVICE

I, Elizabeth Peterson, certify that on October 3, 2012, I caused a copy of the **Trustee's (A) Application to Employ Pension Performance, Inc., as Retirement Plan Administrator Retroactive to September 17, 2012**; **(B) First and Final Application for Allowance of Administrative Claim for Compensation to Pension Performance, Inc.; and (C) Motion to Shorten and Limit Notice**, to be filed electronically and to be served electronically upon all parties set up to receive notice through the Court's ECF filing system, to be served via email, or to be served via postage-prepaid first-class U.S. Mail, as indicated on the Service List attached hereto.

*/s/ Elizabeth Peterson*
Elizabeth Peterson

## SERVICE LIST

**Parties to receive notice through Court's ECF filing system:**

Kori M Bazanos on behalf of Creditor Harmon, Inc.
kori@bazanoslaw.com

Amy N. Carollo on behalf of Creditor Laborers' Pension and Welfare Funds for the Health & Welfare Department of the Construction & General Laborers' District Council of Chicago and Vicinity and James S Jorgensen
amy.carollo@gmail.com,
fundcounsel@gmail.com;taniam@chilpwf.com;vedranaa@chilpwf.com

John J Chitkowski on behalf of Creditor State Mechanical Services, L.L.C.
jjc@chitkowskilaw.com, jennifer@chitkowskilaw.com

David W Daudell on behalf of Debtor Commercial Resources Construction Company, Inc.
daviddaudell@ddlaw-associates.com

Regina E Gaebel on behalf of Creditor Riordan, McKee & Piper, LLC
rgaebel@rmp-llc.com

Paula K. Jacobi on behalf of Creditor Hotel Lincoln Park Lender, LLC
pjacobi@btlaw.com, jsantana@btlaw.com;ckwilosz@btlaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

David J Letvin on behalf of Creditor Mr David's Carpet Service Ltd
davidletvin@aol.com

Edmund S McAlister on behalf of Interested Party Essex Insurance Company
ed.mcalister@mbtlaw.com

Elizabeth Gayle Peterson on behalf of Attorney Fox, Swibel, Levin & Carroll LLP
epeterson@fslc.com, docket@fslc.com;clukey@fslc.com;acotter@fslc.com

N. Neville Reid
nreid@fslc.com, nreid@ecf.epiqsystems.com

Cornelius F Riordan on behalf of Creditor Riordan, McKee & Piper, LLC
criordan@rmp-llc.com

Ryan T Schultz on behalf of Creditor Riordan, McKee & Piper, LLC
rschultz@fslc.com, docket@fslc.com

1

Julia Jensen Smolka on behalf of Creditor Baumgartner Construction, Inc.
jjensen@dimonteandlizak.com

Adam C Toosley on behalf of Creditor Team Fire Protection, Inc.
atoosley@freebornpeters.com, sbarnes@freebornpeters.com

**Parties to receive notice via email:**

Jason Loebach on behalf of Creditor State Mechanical Services, L.L.C.
jml@chitkowskilaw.com

Joyce A. Raupach , Pension Performance, Inc.
joycer@pensionperformanceinc.com

**Parties to receive notice via postage prepaid first-class U.S. Mail:**

| | | |
|---|---|---|
| American Express Bank, FSB<br>c/o Becket and Lee, LLP<br>P.O. Box 3001<br>Malvern, PA 19355-00701 | American InfoSource LP<br>Agent for T Mobile / T-Mob<br>P.O. Box 248848<br>Oklahoma City, OK 73124-8848 | Anderson Lock<br>P.O. Box 2294<br>Des Plaines, IL 60017 |
| Baumgartner Construction Co.<br>30 W. 751 North Aurora Road<br>Naperville, IL 60563 | Cain Millwork<br>c/o Lucas Fuksa<br>70 W. Erie, 2nd Floor<br>Chicago, IL 60654 | Charles A. King<br>City of Chicago Dept. of Law<br>30 N. LaSalle St., Suite 1400<br>Chicago, IL 60602 |
| Commonwealth Edison Company<br>3 Lincoln Center<br>Attn: Bankruptcy Section<br>Oak Brook Terrace, IL, 60181 | Country Mutual Insurance Company<br>1701 N. Towanda Avenue<br>Bloomington, IL 61701-2057 | Harmon, Inc.<br>c/o Kori Bazanos<br>100 W. Monroe St., Suite 2100<br>Chicago, IL 60603 |
| Hotel Lincoln Park Lender, LLC<br>c/o Barnes & Thornburg LLC<br>1 N. Wacker Drive, Ste. 4400<br>Chicago, IL 60606 | Jones & Cleary<br>Attn: William Cleary<br>6838 S. Chicago Avenue<br>Chicago, IL 60637 | Laborers' Pension and Welfare Funds for Office of Counsel<br>111 W. Jackson Blvd., Ste. 1145<br>Chicago, IL, 60604-3868 |
| Lohre Painting Company, Inc.<br>Attn: Karl Lohre<br>1750 Harding Road<br>Northfield, IL 60193 | Precision Control Systems of Chicago<br>c/o Patrick G. Donnelley<br>Donnelly, Lipinski & Harris, LLC<br>29 S. LaSalle St., Suite 1210<br>Chicago, IL 60603 | Progress Electric Company<br>5722 South Central Avenue<br>Chicago, IL 60638 |

| | | |
|---|---|---|
| Frank L. Smith<br>Razor Construction, Inc.<br>7517 Comstock Lane<br>Darien, IL 60561 | Shamrock Decorating Inc.<br>12757 S. LaCrosse<br>Alsip, IL 60803 | Specialties Drict<br>161 Tower Drvie Unit G<br>Willowbrook, IL 60527 |
| State Mechanical Services, LLC<br>c/o Chitkowski Law Offices<br>801 Warrenville Road, Suite 620<br>Lisle, IL 60532 | Team Fire Protection, Inc.<br>c/o Clark Hill PLC<br>150 N. Michigan Ave, #2700<br>Chicago, IL 60601 | UST-GEPT Joint Venture, L. P. i/c<br>Quarles & Brady LLP<br>300 N. LaSalle St., #4000<br>Chicago, IL 60654 |
| Vortex Enterprises, Inc.<br>Christopher J. Harney, Esq.<br>Seyfarth Shaw LLP<br>131 S. Dearborn Street, Suite 2400<br>Chicago, IL 60603 | | |

3

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-28842 |
| COMMERCIAL RESOURCES | ) | |
| CONSTRUCTION COMPANY, INC. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | **Date: October 9, 2012** |
| | ) | **Time: 9:30 a.m.** |

**TRUSTEE'S (A) APPLICATION TO EMPLOY PENSION PERFORMANCE, INC., AS RETIREMENT PLAN ADMINISTRATOR RETROACTIVE TO SEPTEMBER 17, 2012; (B) FIRST AND FINAL APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION TO PENSION PERFORMANCE, INC.; AND (C) MOTION TO SHORTEN AND LIMIT NOTICE**

N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Commercial Resources Construction Company, Inc. (the "Debtor"), by and through his undersigned general bankruptcy counsel, requests entry of an order (A) authorizing the retention and employment of Pension Performance, Inc. ("Pension Performance"), as the Trustee's Retirement Plan Administrator retroactive to September 17, 2012; (B) allowing an administrative claim for compensation to Pension Performance in the amount of $2,800; and (C) shortening and limiting notice (the "Application"). In support of this Application, the Trustee relies upon the affidavit of Joyce A. Raupach (the "Raupach Affidavit"), which is appended hereto as Exhibit A and incorporated herein by reference, and respectfully represents and states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28. U.S.C. § 157(b)(2)(A).

1

2.  The bases for the relief requested herein are Sections 327(a), 328, 330, and 704(a)(11) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 2014(a), 2016, 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5082-1 of the Local Bankruptcy Rules for the Northern District of Illinois (the "Local Rules").

**INTRODUCTION**

3.  On June 28, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as chapter 7 trustee.

4.  Prior to the Petition Date, Pension Performance was the administrator for the Debtor's 401(k) retirement plan for its employees (the "Plan").

5.  Pursuant to Section 704(a)(11), the Trustee must administer the Plan.

6.  Joyce A. Raupach is a principal at Pension Performance with experience in retirement plan administration.

**A.   EMPLOYMENT OF PENSION PERFORMANCE**

7.  The Trustee proposes to retain Pension Performance to wind down the Plan, and make all final distributions and filings related to termination of the Plan, insofar as the Debtor has long since ceased operating.

8.  The Trustee submits that retroactive approval will not prejudice any parties in interest and will allow Pension Performance to be compensated fairly for services provided.

9.  Pension Performance charges and will be paid a flat fee of $2800.00 for services related to the complete wind-down of the Plan, and requires payment of such amount in advance of doing any work on the Plan wind-down.

10. Section 327(a) of the Bankruptcy Code permits a trustee, "with the court's approval [to] employ … appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

11. The agreement with Pension Performance was negotiated at arms' length and in good faith by the Trustee and Pension Performance. The terms of the parties' agreement are fair and reasonable, and are consistent with those charged by other professionals performing similar services in cases of this nature.

12. To the best of the Trustee's knowledge, on information and belief and based on the Raupach Affidavit, except as disclosed in the Raupach Affidavit, other than in connection with the parties' agreement in this case, (i) neither Pension Performance nor any employee or partner of Pension Performance is a creditor, equity security holder or an insider of the Debtor, and (ii) neither Pension Performance nor any employee or partner of Pension Performance (a) is or was within the period June 28, 2008 through June 28, 2010, a director, officer or employee of the Debtor, or (b) holds or represents an interest adverse to the Debtor, its shareholders, creditors or the Estate for purposes of Section 327(8) of the Bankruptcy Code.

13. To the best of the Trustee's knowledge, on information and belief and based on the Raupach Affidavit, Pension Performance and all its employees are "disinterested" as the term is defined in Section 101(14) of the Bankruptcy Code and used in Section 327(a) of the Bankruptcy Code.

14. The Trustee submits that the employment of Pension Performance is in the best interest of the Estate and its creditors.

15. The Raupach Affidavit was executed in accordance with the provisions of Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014. The Trustee's knowledge, information and belief regarding the matters set forth herein are based, and made in reliance upon the Raupach Affidavit.

16. Pursuant to the Trustee's request, Pension Performance commenced this engagement immediately and with assurances that the Trustee would seek approval of its employment retroactive to September 17, 2012, when Pension Performance first communicated with the Trustee regarding the wind-down of the Plan. Based upon the foregoing, the Trustee submits that cause exists to authorize the employment and retention of Pension Performance retroactive to September 17, 2012.

**B.      PROFESSIONAL COMPENSATION**

17. By this Application, the Trustee seeks allowance of the first and final administrative claim for compensation to Pension Performance in the amount of $2,800.

18. As indicated in the Raupach Affidavit, the total amount of fees for professional services performed sought by Pension Performance in this Application is $2,800.00. These fees relate to winding down the Plan, and making all final distributions and filings related to termination of the Plan.

19. The professional services provided by Pension Performance to the Trustee during are necessary and appropriate to assist the Trustee with the administration of the Estate, and are in the best interests of the Estate. Compensation for the services provided by Pension Performance is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. Pension Performance undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner.

4

20. Pension Performance's requested fees and costs are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

**C.     NOTICE**

21. Pursuant to Bankruptcy Rule 2002, notice of this Application has been provided to: (a) the Office of the United States Trustee; (b) counsel to the Debtor; (c) Pension Performance; (d) all creditors who filed a proof of claim in this case and whose claims have not been disallowed; (e) all parties set up to receive notice through the Court's ECF filing system; and (f) all other persons who have requested notice pursuant to Bankruptcy Rule 2002.

22. The Trustee submits that cause exists to limit notice of this Application required by Bankruptcy Rule 2002(a)(3) to the parties listed above in the prior paragraph. There are approximately 120 creditors listed on the Debtor's schedules, but only twenty-four claims have been filed that have not been disallowed. As a result, the Trustee submits that limiting notice of the Application to the parties listed above will limit the expenses incurred by the Estate for photocopying and postage while ensuring that all parties that have an interest in the Application will receive notice.

23. The Trustee further requests that the Court shorten the twenty-one days' notice required by Bankruptcy Rule 2002, and hear this Application on October 9, 2012. This Court has authority to shorten notice for cause pursuant to Bankruptcy Rule 9006(c). In the instant matter, the Trustee wishes to file a final report and distribute Estate funds to creditors as soon as possible. Given these circumstances, the Trustee submits that good cause exists to shorten the notice period and that no party will be prejudiced.

5

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Trustee to retain and employ Pension Performance, Inc., as the Trustee's Retirement Plan Administrator retroactive to September 17, 2012 to perform the services set forth herein, (iii) allowing an administrative claim for Pension Performance's compensation in the amount of $2,800.00, and allowing the Trustee to pay the same; (iv) limiting and shortening notice of this Applicaton; and (v) granting such other and further relief as this Court deems just and proper.

Dated: October 3, 2012

Respectfully submitted,

**N. NEVILLE REID, as Chapter 7 Trustee for the Bankruptcy Estate of Commercial Resources Construction Company, Inc.**

By:  */s/ Elizabeth Peterson*
Fox, Swibel, Levin & Carroll, LLP,
General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201