**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | **)** | Chapter 7 |
| | **)** | Case No. 10-28842 |
| COMMERCIAL RESOURCES | **)** | |
| CONSTRUCTION COMPANY, INC., | **)** | Hon. Jacqueline P. Cox |
| | **)** | |
| Debtor. | **)** | |
| | **)** | |

**SECOND AND FINAL APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP,
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD OCTOBER 1, 2010 THROUGH SEPTEMBER 30, 2012**

Fox, Swibel, Levin & Carroll, LLP[1] ("FSLC"), general bankruptcy counsel to N. Neville

Reid, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the

bankruptcy estate (the "Estate") of Commercial Resources Construction Company, Inc. (the

"Debtor"), files this second and final application ("Application") for allowance and payment of

an administrative claim in the amount of $82,528.31 consisting of $77,626.50 in fees and

$4,901.81 in expenses, for the period of October 1, 2010 through September 30, 2012.   In

support of this Application, FSLC states the following:

**INTRODUCTION**

1.     This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding within the meaning of § 157(b).  Venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

2.     The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

---

[1] Prior to September 1, 2012 Fox Swibel Levin & Carroll, LLP was known as Fox Hefter Swibel Levin & Carroll, LLP.

Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States

Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On June 28, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the

Northern District of Illinois (the "Court").  Shortly thereafter, the United States Trustee for the

Northern District of Illinois appointed N. Neville Reid as Trustee for the Estate.

4.      On September 23, 2010, the Court entered a final order granting the Trustee's

application to retain FSLC as general bankruptcy counsel retroactive to July 21, 2010.

5.      On November 18, 2010, the Court entered an order allowing the First Interim

Application of FSLC for Allowance and Payment of Administrative Claim for Compensation

and Reimbursement of Expenses for the Period of July 21, 2010 through September 30, 2010

(the "First FSLC Compensation Application").  [Dkt. 41.]

## REQUESTED RELIEF

6.      FSLC files this Application to be allowed an administrative claim for its unpaid

fees and expenses for work performed on behalf of the Trustee from October 1, 2010 through

September 30, 2012 (the "Application Period").

7.      Attached as Exhibit A to this Application is a schedule of the name and position

of each attorney and paralegal who has performed work for the Trustee for which reimbursement

is sought, the number of hours billed by each professional and his/her hourly billing rate, as well

as the year each attorney graduated from law school and was admitted to practice in Illinois.

8.      Attached as Exhibit B to this Application are the detailed billing records of FSLC,

describing the actual, necessary services rendered and time expended for work performed on

behalf of the Trustee during the Application Period.

## PROFESSIONAL SERVICES RENDERED

9.    During the Application Period, FSLC has performed the following services on

behalf of the Trustee:

A.    Monitored docket and pleadings and reviewed claims for the Trustee;

B.    Researched UCC filings for the Trustee;

C.    Attended § 341 Meeting of Creditors;

D.    Reviewed discovery documents;

E.    Prepared, filed and presented the Trustee's Application to Employ Riordan, McKee & Piper, LLC ("RMP"), as Special Bankruptcy Counsel [Dkt. 34] to represent the Trustee in *International Decorators, Inc. v. Amalgamated Bank, et al,* Case No. 08 CH 38607, consolidated with *Lohre Painting Co., Inc., et al. v. Gold Coast Investors, LLC, et al.,* Case No. 09 CH 28401, and *Prime Scaffold, Inc. v. Amalgamated Bank, et al.,* Case No. 09 CH 49345 (collectively, the "Mechanics' Lien Litigation");

F.    Conferred with RMP to resolve the Mechanics' Lien Litigation, researched issues relating to mechanics' liens, participated in settlement discussions to resolve the Mechanics' Lien Litigation, prepared for and attended mediation session to resolve the Mechanics' Lien Litigation;

G.    Prepared 2010 Illinois Annual Report for Debtor;

H.    Prepared, filed and presented the First FSLC Compensation Application [Dkt. 37];

I.    Prepared, filed, and presented the Motion to Approve Settlement among

the Trustee, Hotel Lincoln Park Lender, LLC and Hotel Lincoln Park Owner, LLC [Dkt. 46];

J.      Prepared the First and Final RMP Compensation Application [Dkt. 47];

K.      Reviewed all proofs of claim filed in this case, and prepared, filed and presented objections to five claims [Dkt. 59, 60, 61, 62];

L.      Prepared, filed and presented the Motion to Approve Settlement between the Trustee and the City of Chicago [Dkt. 72];

M.      Prepared and filed the Trustee's Application to Employ Popowcer Katten, Ltd. as Tax Accountant [Dkt. 79];

N.      Prepared Trustee's Application to Employ Pension Performance, Inc. as Retirement Plan Administrator [Dkt. 80];

O.      Resolved issues relating to the purported secured portion to the State Mechanical, LLC, proof of claim, which efforts culminated in the Trustee's Motion to Approve Settlement between the Trustee and State Mechanical Service, LLC [Dkt. 81]; and

P.      Began preparing this Application.

## APPROPRIATENESS OF FEES

10.     The total amount of fees sought by FSLC for professional services in this Application is $77,626.50.

11.     The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the

problems, issues and tasks involved.  FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

12.    FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated.  FSLC has reviewed the billing records to ensure their accuracy.

13.    FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

14.    FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Debtor's Estate.

## FSLC EXPENSE POLICIES

15.    FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees.  FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

16.    The expenses sought by FSLC in this Application relate to C2 Legal charges for copying, Bates labeling, etc. ($3,782.42); Westlaw online legal research ($536.78); PACER ($86.12); Corporation Services Co. invoice for UCC lien and litigation search ($40.75); postage for service of the first compensation application ($238.74); courier services from Velocity Courier, Inc. ($22.50); and Corp-Link Services, Inc. charge for filing of IL Annual Reports by expedited service ($194.50).  These expenses were necessary and benefited the Estate.  The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $4,901.81.

17.    FSLC's requested expenses are awardable pursuant to Section 330 of the

Bankruptcy Code as actual, necessary expenses incurred for the administration of the Estate.

## SUMMARY OF FEES AND EXPENSES

18.    FSLC applies for an administrative claim in the amount of $82,528.31, consisting of $77,626.50 in fees and $4,901.81 in expenses.

## NOTICE

19.    This Application will be submitted with the Trustee's Final Report. Pursuant to Bankruptcy Rule 2002(a), notice of this Application has will be given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the Court's ECF filing system. In light of the nature of the relief requested, the FSLC submits that no further notice is required.


WHEREFORE, FSLC requests entry of an order allowing it an administrative claim in the amount of $82,528.31, consisting of $77,626.50 in fees and $4,901.81 in expenses; allowing the Trustee to pay the same; and granting such other and further relief as this Court deems just.


Dated: November 7, 2012                     Respectfully submitted,

                                            **FOX, SWIBEL, LEVIN & CARROLL, LLP**

                                            *By:*    ___*/s/ Elizabeth Peterson*_____
                                                     Fox, Swibel, Levin & Carroll, LLP,
                                                     General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201